UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY DOMINICK,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendants.
_____/

No. C 07-3371 PJH

**ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Anthony Dominick ("Dominick") seeks judicial review of the decision by the Social Security Administration Commissioner ("Commissioner") denying his claim for disability benefits pursuant to 42 U.S.C. § 405(g). This action is before the court on Dominick's motion for summary judgment, the Commissioner's cross-motion for summary judgment, and Dominick's alternative motion to remand. Having read the parties' papers and administrative record, and having carefully considered their arguments and relevant legal authority, the court GRANTS defendant's cross-motion for summary judgment, and DENIES plaintiff's motion for summary judgment and alternative motion to remand.

**BACKGROUND**

Dominick filed an application for Social Security Disability Insurance Benefits on August 3, 2004. A.T. 16. He alleged disability beginning January 17, 2002, due to asbestos poisoning and breathing difficulties. A.T. 20. The Social Security Administration ("SSA") denied his benefit application on November 1, 2004, and upon reconsideration on November 24, 2004, finding that his condition was not severe enough to be considered disabling. A.T. 24, 32. Dominick filed a timely request for hearing on January 28, 2005. A.T. 16. The hearing was held on February 8, 2006 before Administrative Law Judge Richard P. Laverdure ("the ALJ"), who rendered an unfavorable decision on June 12, 2006.

A.T. 16-21.  The ALJ did not find Dominick "disabled" within the meaning of the Social Security Act.  A.T. 21.  Dominick then requested review by the Appeals Council on June 12, 2006, but the Appeals Council denied his request on April 27, 2007.  A.T. 5.  On March 13, 2008, Dominick brought this action seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Dominick was born on November 10, 1942, and was sixty-three years old at the time of the ALJ hearing.  He received a high school education.  The vocational expert described his past relevant work as Construction Laborer II and Heavy Truck Driver.  A.T. 17.

## STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act ("the Act") provides for the payment of disability insurance benefits to people who have contributed to the Social Security system and who suffer from a physical or mental disability.  See 42 U.S.C. § 423 (a)(1).  To evaluate whether a claimant is disabled within the meaning of the Act, the ALJ must use a five-step analysis.  20 C.F.R. § 404.1520.  The ALJ may terminate the analysis at any stage where a decision can be made that the claimant is or is not disabled.  See Pitzer v. Sullivan, 908 F.2d 502, 504 (9th Cir. 1990).

At step one, the ALJ determines whether the claimant is engaged in any "substantial gainful activity," which would automatically preclude the claimant from receiving disability benefits.  See 20 C.F.R. § 404.1520(a)(4)(I).  If not, at the second step, the ALJ must consider whether the claimant suffers from a severe impairment which "significantly limits [the claimant's] physical or mental ability to do basic work activities."  See 20 C.F.R. § 404.1520(a)(4)(ii).  The third step requires the ALJ to compare the claimant's impairment to a listing of impairments in the regulations.  If the claimant's impairment or combination of impairments meets or equals the severity of any medical condition contained in the listing, the claimant is presumed disabled and is awarded benefits.  See 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant's condition does not meet or equal a listing, the ALJ must proceed to step four to consider whether the claimant has sufficient "residual functional capacity"

1 ("RFC") to perform his past work despite the limitations caused by the impairment.  See 20
2 C.F.R. § 404.1520(a)(4)(iv).  If the claimant cannot perform his past work, the
3 Commissioner is required to show, at step five, that the claimant can perform other work
4 that exists in significant numbers in the national economy, taking into consideration the
5 claimant's "residual functional capacity, age, education, and past work experience."  See 20
6 C.F.R. § 404.1520(a)(4)(v).

7      Overall, in steps one through four, the claimant has the burden to demonstrate a
8 severe impairment and an inability to engage in his previous occupation.  Andrews v.
9 Shahala, 53 F.3d 1035, 1040 (9th Cir. 1995).  If the analysis proceeds to step five, the
10 burden shifts to the Commissioner to demonstrate that the claimant can perform other
11 work.  Id.

## ALJ's FINDINGS

13      In this case, the ALJ determined that Dominick was not disabled at step five of the
14 disability evaluation.  At step one, the ALJ determined that Dominick had not engaged in
15 substantial gainful activity since January 17, 2002, the alleged onset date of disability.  A.T.
16 20.  At step two, the ALJ determined that Dominick's "severe" impairments are asbestos
17 lung exposure with evidence for asbestosis and mild obesity.  Id.

18      At step three, the ALJ found that Dominick's physical impairments, even in
19 combination, did not meet or equal in severity any of the listed impairments.  A.T. 19.

20      Proceeding to step four, the ALJ assessed Dominick's RFC.  First, he accepted the
21 statement made by Dr. Carolyn Ray, a pulmonary specialist who had examined Dominick in
22 1999 for worker's compensation, that Dominick could not work in very dusty environments
23 or be exposed to chemical fumes or other environmental irritants.  A.T. 19, 152, 178.

24      Second, the ALJ rejected Dr. Burton Brody's opinion that Dominick is limited to light
25 work.  Dr. Brody was a Department of Disability Services physician who had conducted an
26 internal medicine consultative examination of Dominick.  See Dominick's Mot. for Summary
27 Judgment ("Dominick's Motion"), p. 12.  The ALJ found that Dr. Brody's examination
28

revealed no abnormalities in Dominick, and there was no other evidence to support a limitation to light work.  A.T. 19.

Moreover, the ALJ considered the opinion of the medical expert, Dr. Sergio Bello, who did not examine Dominick.  A.T. 19; see also Dominick's Motion, p. 15.  Dr. Bello had no strong disagreement with Dr. Brody's opinion but testified that Dominick could "definitely" perform light work and "maybe" medium work.  A.T. 19.  The judge noted that Dominick had the burden to establish both the medically determinable severe impairments and any resulting work limitations.  Id.  The ALJ found no evidence weighing against Dominick's ability to perform medium work.  Id.  On the contrary, the ALJ found Dominick's daily activities to be compatible with medium work.  Id.  Overall, the ALJ found no objective medical evidence that required a limitation to light work.  Id.

The ALJ then assessed Dominick's own statements regarding his symptoms and found his allegations to be not entirely credible.  A.T. 20.  The ALJ noted that there was a paucity of evidence of ongoing medical treatment and no evidence of any ongoing treatment after September 2005.  Id.  Moreover, Dominick claimed that he suffered from knee pain, which was the primary reason why he could not work, but the ALJ could not find any objective medical evidence of any knee problem.  Id.  Furthermore, the ALJ found Dominick's testimony regarding his daily activities did not support a limitation to only light work.  Id.

In considering Dominick's statements along with all other evidence in the record, the ALJ concluded that Dominick retained a capacity for medium work with environmental limitations: (1) he could lift or carry up to 50 pounds occasionally and 25 pounds frequently; (2) he could sit, stand, or walk with normal breaks for about 6 hours in an 8-hour workday; and (3) he could not work in very dusty environments or be exposed to chemical fumes or other environmental irritants.  A.T. 21.  The ALJ found no other exertional or non-exertional limitations.  Id.  The ALJ further concluded that since Dominick's prior work was very heavy, Dominick could not perform his past relevant work.  Id.

Finally, at step five, the ALJ asked the vocational expert, Nancy Rynd, whether a hypothetical individual with Dominick's vocational profile and RFC could perform other jobs existing in significant numbers in the national economy. A.T. 20. She responded that such an individual could perform many unskilled medium jobs, including working as a cook's helper, supermarket bagger, or hand packager. Id. The ALJ accepted Rynd's testimony and opinion and found that there were a significant number of those jobs available. Id. As a result, the ALJ concluded that Dominick was not disabled. Id.

## STANDARD OF REVIEW

This court has jurisdiction to review final decisions of the Commissioner pursuant to 42 U.S.C. § 405(g). The ALJ's decision must be affirmed if the ALJ's findings are "supported by substantial evidence and if the [ALJ] applied the correct legal standards." Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (citation omitted). "Substantial evidence" means more than a scintilla, but less than a preponderance, or evidence which a reasonable person might accept as adequate to support a conclusion. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The court is required to review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's decision. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

Additionally, the harmless error rule applies where substantial evidence otherwise supports the ALJ's decision. Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991) (citing Booz v. Sec'y of Health and Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984).

When the Appeals Council denies review after evaluating the entire record, including newly submitted evidence, that new evidence becomes a part of the administrative record to be reviewed by this court on appeal. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993). Thus, this court must consider the evidence before both the ALJ and the Appeals Council in reviewing the ALJ's decision. Id.

**ISSUES**

Dominick seeks reversal of the Commissioner's denial of disability insurance benefits, arguing that:

(1) the ALJ erroneously concluded that he had an RFC for medium work;

(2) the ALJ improperly posed hypothetical questions to the vocational expert premised on an RFC for medium work and improperly relied on the expert's response; and

(3) the ALJ failed to make a bona fide credibility finding.

**DISCUSSION**

**1.  The ALJ did not err in concluding that Dominick had an RFC for medium work.**

Dominick contends that the ALJ erroneously concluded that Dominick could perform medium work. Specifically, he takes issue with the ALJ's rejection of Dr. Brody's opinion that he should be limited to light work. As noted, the ALJ instead relied on the opinion of Dr. Bello, who was a non-examining physician.

The Ninth Circuit distinguishes among the opinions of three types of physicians: (1) treating physicians, (2) physicians who do not treat but examine the claimant (examining physicians), and (3) physicians who neither treat nor examine the claimant (non-examining physicians). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally, weight is given in descending order to the opinions of the three types of physicians. Id. Here, Dr. Brody was an examining physician while Dr. Bello was a non-examining physician. Thus, as a general matter, Dr. Brody's opinion is entitled to greater weight than Dr. Bello's opinion.

The opinion of an examining doctor may only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Lester, 81 F. 3d at 830-31. The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician. Id. at 831. However, the ALJ may reject an examining doctor's opinion when there is a lack of objective medical findings, treatment notes, or rationale to support his opinion. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (affirming the ALJ's decision

rejecting a treating physician's opinion because the opinion "was unsupported by rationale or treatment notes, and offered no objective medical findings").

In this case, the ALJ provided sufficient reasons for rejecting Dr. Brody's opinion. First, the ALJ noted that Dr. Brody's physical examination was normal and did not support the conclusion that Dominick be limited to light work. A.T. 19. Dr. Brody found no other problems with Dominick's physical or mental health besides elevated cholesterol and asbestosis with no signs of complications. A.T. 210-11. However, Dr. Brody assessed Dominick's functional capacity to be within the confines of "light work":

> No limitations sitting. Walking and standing 1-2 hours, two to three times daily, to a total of six hours per day. Lifting and carrying to 25 lbs. occasionally and 10 lbs. frequently. No limitations on motions such as bending, stooping, kneeling, crawling, and squatting, limitations secondary to asbestosis.

A.T. 212. See 20 C.F.R. § 404.1567; see also Social Security Ruling 83-10. Because Dr. Brody's medical examination did not provide a rationale to support a limitation to light work, the ALJ had a specific and legitimate reason in rejecting Dr. Brody's opinion that Dominick should be limited to light work. See Tonapetyan, 242 F.3d at 1149.

Second, the ALJ noted that Dominick did not meet the burden in establishing both his severe impairment and any resulting work limitations. A.T. 19. The ALJ did not find any objective medical evidence that required a limitation to light work or any treating records that supported such limitation. A.T. 19. This lack of treatment records is understandable in light of Dr. Ray's statement from her worker's compensation examination that there was no treatment for asbestosis or asbestosis pleural disease. A.T. 186. Nevertheless, there is little evidence of Dominick suffering from any severe symptoms. Indeed, Dr. Brody's medical examination revealed that there was "no evidence of complications" associated with his asbestosis. A.T. 211. Moreover, at the time of the hearing, Dominick himself testified that he was not seeing a doctor for asbestosis, and that he was told to see a doctor when he started having problems in the future. A.T. 281. This testimony implied that

1  Dominick was not experiencing any problems related to asbestosis. In short, the ALJ had
2  another sufficient reason for rejecting Dr. Brody's opinion.
3  　　　By contrast, the ALJ found Dr. Bello's opinion to be consistent with the record. Dr.
4  Bello had no "strong disagreement" with Dr. Brody's opinion, but opined that Dominick
5  could probably perform medium work. The ALJ found this to be supported by Dominick's
6  testimony that he could cook, clean, and babysit his granddaughter with no problem. A.T.
7  19, 282. These activities could rationally be considered "medium work," and therefore, the
8  court must uphold the ALJ's decision. See Magallanes, 881 F.2d at 750.
9  　　　The ALJ also found Dr. Bello's opinion to be consistent with the 1999 worker's
10 compensation medical examination by Dr. Ray, where she opined that Dominick had lost
11 approximately one-quarter of his pre-injury capacity. A.T. 186. In light of Dominick's pre-
12 injury capacity to perform "very heavy" work, the ALJ concluded that Dominick retained a
13 capacity for medium work after the one-quarter loss. A.T. 19. One potential problem with
14 relying on Dr. Ray's opinion from 1999 is that Dominick could have experienced further loss
15 of his pre-injury capacity by the time of the ALJ hearing in 2006. See A.T. 185 (stating that
16 asbestosis was a progressive injury). However, since this analysis is within step four of the
17 disability evaluation, Dominick bears the burden to show that his condition has worsened.
18 See Andrews, 53 F.3d at 1040. As discussed earlier, Dominick has not met this burden.
19 　　　In conclusion, the ALJ offered specific and legitimate reasons for rejecting Dr.
20 Brody's opinion, and Dr. Bello's opinion is corroborated by substantial evidence. Therefore,
21 the ALJ did not err in determining that Dominick retained the capacity for medium work.
22 **2.    The ALJ did not err in requesting the vocational expert to assume a**
23 　　　　**hypothetical individual with the RFC for medium work.**
24 　　　Dominick argues that because the ALJ improperly concluded that he could perform
25 medium work, the ALJ also erred by asking the vocational expert to assume a hypothetical
26 individual with the RFC of medium work in her vocational analysis.
27 　　　As noted earlier, the Commissioner bears the burden in demonstrating that the
28 claimant can perform other work at step five of the disability evaluation. Andrews, 53 F.3d

at 1040. To meet that burden, the Commissioner may rely on a vocational expert's responses to hypothetical questions setting out all the limitations and restrictions of the particular claimant. See Magallanes, 881 F.2d at 756. The assumptions in the hypothetical questions must be supported by the record, and the limitation of evidence in a hypothetical is objectionable only if the assumptions could not be supported by the record. See id. at 756-57.

In this case, substantial evidence supports the ALJ's conclusion that Dominick had an RFC for medium work. Therefore, requesting the vocational expert to assume a hypothetical individual with the RFC of medium work was not an error.

**3.     The ALJ made a proper credibility finding.**

Dominick argues that the ALJ failed to conduct a meaningful evaluation of his credibility, particularly with respect to his pulmonary impairment. See Dominick's Mot. for Summary Judgment, p. 19. Specifically, he argues that the ALJ did not provide clear and convincing reasons for rejecting his symptom allegations.[1]

The ALJ is responsible for determining the credibility of witnesses, including the claimant, that testify before him. Magallanes, 881 F.2d at 750. Unless there is affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's symptom testimony must be clear and convincing. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citing Lester, 81 F.3d at 834). Here, there is no evidence of malingering, and therefore, the ALJ must provide clear and convincing reasons for rejecting Dominick's symptom allegations. Specifically, he must articulate the testimony he finds not credible and cite evidence that undermines Dominick's complaints. See id. (citing Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

In evaluating the witness' credibility, the ALJ may consider the claimant's reputation for truthfulness and inconsistencies in the claimant's testimony. See Burch, 400 F.3d at

---

[1] Moreover, Dominick argues that the ALJ's credibility finding was limited to some boilerplate language. See Dominick's Mot. for Summary Judgment, p. 19. This boilerplate language is not in the ALJ's findings. See A.T. 16-21. The argument appears to be mistakenly included in Dominick's motion.

1  680 (citing Tonapetyan, 242 F.3d at 1148). Additionally, the ALJ must consider the
2  following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and
3  intensity of the claimant's pain or other symptoms; (3) factors that precipitate and aggravate
4  the symptoms; (4) the effects of medication; (5) treatment other than medication; (6) any
5  measures the claimant has taken other than treatment; and (7) any other factors
6  concerning the claimant's functional limitations and restrictions. Id. (quoting Social Security
7  Ruling 95-5p (1995), superseded by Social Security Ruling 96-7p (1996)).[2]

       Here, there were several inconsistencies between Dominick's alleged symptoms, his daily activities and treatment. Dominick admitted that he was able to cook and clean up his house with no problem. A.T. 282. He also alleged coughing and breathing troubles due to occupational exposure to asbestos. A.T. 82, 279-82. In particular, he had trouble breathing while getting in and out of a truck or after walking four or five blocks. A.T. 280, 282. However, he was not treated by a doctor and did not take medication for any asbestosis-related symptoms. A.T. 281. There is little evidence that Dominick has experienced any complications related to his asbestos exposure. Indeed, the most recent medical examination, conducted in 2004 by Dr. Brody, stated that Dominick had asbestosis, but "with no evidence of complication." A.T. 211. In addition, on his Disability Report for appeal in December 2004, Dominick claimed to suffer from missing ligaments and joint arthritis in both knees, that Dr. Tipkins Hood had prescribed Ibuprofen for his knee pain, and that Dr. Stuart London had taken x-rays of his knees. A.T. 112, 115. Dominick also repeatedly referred to his knee problems at the ALJ hearing. A.T. 112, 115, 281-82. The record, however, does not contain any report from Dr. Hood or x-rays from Dr. London. A.T. 115.

       Taking those inconsistencies into account, the ALJ provided several reasons for finding Dominick's symptom allegations not entirely credible, including that (1) there was a

---

[2]Social Security Rulings reflect the Commissioner's official interpretation of the Social Security Administration's regulations. Although they do not have the force of law, they are entitled to some deference if they are congruent with the Social Security Act and regulations. Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

paucity of evidence showing ongoing medical treatment, with no evidence of any treatment after September 2005; (2) Dominick repeatedly emphasized his knee pain as the primary reason why he could not work, but there was no objective medical evidence of any knee problem; and (3) Dominick's ability to perform his daily activities without a problem further undermined his symptom allegations. A.T. 20. These inconsistencies are clear and convincing reasons for discrediting Dominick's testimony. See Light v. SSA, 119 F.3d 789, 792 (9th Cir. 1997) (In finding the claimant not credible, the ALJ may not disregard the claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, but the ALJ may rely on conflicts between the claimant's testimony and the claimant's own conduct.). Thus, the court finds that the ALJ made a proper credibility finding.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS defendant's cross-motion for summary judgment, and DENIES plaintiff's motion for summary judgment and alternative motion to remand.

This order fully adjudicates the motions listed at numbers sixteen and twenty of the clerk's docket for this case. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 22, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge